# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PETER A. KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:11-cv-00634-RCJ-VPC |
| vs. ) | |
| ) | |
| ACADEMY MORTGAGE CORP. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Pending before the Court is a motion to dismiss and expunge the lis pendens. For the reasons given herein, the Court grants the motion.

## I. THE PROPERTY

Peter A. Knight gave lender Academy Mortgage Corp. ("AMC") a $368,296 promissory note (the "First Note") to purchase real property at 9545 Cordoba Blvd., Sparks, NV 89436. (*See* First Deed of Trust ("FDOT") 1–3, Apr. 20, 2006, ECF No. 4-1). First American Title ("First American") was the trustee, (*see id.* 1), and Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as the lender's "nominee," (*see id.*). Plaintiff gave AMC a second

promissory note for $69,056, also with First American as trustee. (*See* Second Deed of Trust ("SDOT") 1–2, Apr. 20, 2006, ECF No. 4-2). Plaintiff took out a home equity line of credit against the Property for $131,704 with lender National City Bank ("NCB"), and with trustee Stewart Title ("Stewart"). (*See* HELOC DOT 1–2, June 30, 2006, ECF No. 4-3). Plaintiff defaulted on the FDOT in an unspecified amount as of March 1, 2009. (*See* First Notice of Default ("FNOD") 1, June 23, 2009, ECF No. 4-4). MERS substituted Recontrust as trustee on June 26, 2009. (*See* Substitution, June 26, 2009, ECF No. 4-5). The next day, MERS assigned the First Note and FDOT to BAC Home Loans Servicing ("BAC") on June 27, 2009. (*See* Assignment, June 27, 2009, ECF No. 4-6). Bank of America re-substituted Recontrust as trustee on August 3, 2011. (*See* Substitution, Aug. 3, 2011, ECF No. 4-10).[1] However, Recontrust had already been properly substituted by MERS. First American filed the FNOD as agent for Recontrust. (*See* First NOD 2). However, Recontrust rescinded the FNOD on July 25, 2011. (*See* Rescission of FNOD, July 25, 2011, ECF No. 4-9). Recontrust filed the Second NOD ("SNOD") on August 3, 2011. (*See* SNOD, Aug. 3, 2011, ECF No. 4-11).

## II.   ANALYSIS

The FNOD may or may not have been statutorily defective. First American filed the FNOD, and it was in fact the original trustee. However, it was purporting to act for Recontrust, who was not substituted as trustee by MERS until three days later. The Court needn't sort this out, however, because five days after Plaintiff sued in state court based on the FNOD, Recontrust rescinded it, and a week later, Bank of America re-substituted Recontrust as trustee and Recontrust filed the SNOD, which is statutorily proper. Online public records indicate that Recontrust has since filed a notice of trustee's sale. The Complaint is moot insofar as it relies on the alleged impropriety of the FNOD. The affirmative claims fail for reasons given in

---

[1] BAC is Bank of America's loan servicer and is a subsidiary of Bank of America.

1  substantively identical cases.

## CONCLUSION

IT IS HEREBY ORDERED THAT the Motion to Dismiss and Expunge Lis Pendens (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 6th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge